IVERS R. HARVEY *vs.* ALEXANDER DE WITT.

A count praying for relief in equity, under *St.* 1853, *c.* 371, cannot be joined with a count at law, without the affidavit required by *St.* 1840, *c.* 87, § 1, to give jurisdiction to this court.

ACTION OF CONTRACT, commenced in April 1858. The declaration contained three counts, the first of which alleged that the defendant owed the plaintiff $571.48 for money paid by the plaintiff for the defendant and at his request, and interest thereon; and the second, that the defendant owed the plaintiff $571.48, being seven eighths of the amount paid by the plaintiff at the defendant's request for rebuilding and repairing a dam in Pepperell, in which the plaintiff and defendant were jointly interested, according to an account annexed to the writ, and interest on seven eighths of that amount.

The third count alleged that the plaintiff and the defendant were jointly interested, the defendant as owner of seven eighths and the plaintiff of one eighth, in a water power privilege appertaining to mills owned by them in severalty, and in the dam furnishing a head of water for those mills; that the dam being out of repair and needing to be rebuilt, the plaintiff requested the defendant to join in with him in making the necessary

repairs and in rebuilding the dam, and the defendant declined so to do, but requested the plaintiff, if the dam could be repaired for anything like $500 or $600, to go on and make the repairs; and the plaintiff did so, and expended in so doing the sum of $653.12; and that the defendant owed the plaintiff $571.48, being seven eighths thereof, but pretended that he was not bound to pay so much as that, and that the plaintiff's claim, or some part thereof, was not well founded; and the plaintiff prayed for relief in equity, and for an account, and for further relief.

The defendant demurred to this declaration, as insufficient in law, 1st. For misjoinder of a count at law with a count praying for relief in equity; 2d. For want of showing notice to the defendant of the amount paid for repairs, and a demand upon him for his proportion thereof; 3d. Because the third count of the declaration did not state any matter of complaint against the defendant, for which the plaintiff had not a plain, adequate and complete remedy at the common law of this commonwealth, if he had any remedy of any kind; 4th. That the declaration was in other respects uncertain, informal and insufficient.

*D. Foster*, for the defendant.

*P. C. Bacon*, for the plaintiff.

SHAW, C. J. With all the brevity and latitude allowed by tne practice act of 1852, *c.* 312, and the *St.* of 1853, *c.* 371, in the forms of declaration, this action cannot, we think, be maintained. It attempts to combine, in one suit, matters purely of law, and matters in equity. It cannot be maintained as a suit in equity; because it is apparent that, as to the claim in the first count at least, the plaintiff, if he has any remedy, has a plain, adequate and complete remedy at law. Nor can it be maintained as a suit at law; because it was brought originally in this court, without an affidavit stating that the amount sought to be recovered exceeded three hundred dollars. *St.* 1840, *c.* 87, § 1 *New Braintree* v. *Southworth*, 4 Gray, 307.

> *Demurrer sustained; judgment for the defendant, with costs, but without prejudice.*